B1040 (FORM 1040) (12/15)

MAY-21 '19 AM 11:54

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br><br>William Freeman | **DEFENDANTS**<br><br>Orlans, Plc, Harmon Law, JPMC @Co, all parties listed on complaint |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>William Freeman, Pro Se | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Quiet Title, ReVisit and impose automatic stay, Deceptive Practices, Unclean Hands, Slander of Title, Recovery of perfected title with out lien, Constitutional Right to Due Process, Accounting Fraud, Submission of false documents to the Court bu unlicensed, unregistered third parties, Unjust Enrichment, Failure tio File a claim ( JPMChase, 39 Side , LCompton)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☒ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☒ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☒ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☒ 65-Dischargeability - other |
| ☒ 21-Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☒ 71-Injunctive relief – imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☒ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☒ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☐ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☒ 01-Determination of removed claim or cause |
| ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.* |
| ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| (continued next column) | |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $1,200,000 |
| **Other Relief Sought**   Fines as per Dodd Frank, Federal and State Law , Tortious Interfrence, Sanctions<br>TILA statutory Recission,      Recoupment of monies , Establish Orlans is working off the wrong note | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE<br>Rhode Island | NAME OF JUDGE<br>Hon Judge Finkel |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br><br>William Freeman | DEFENDANT<br>Washington Mutual, WMI, FDIC, Fannie Mae, MERS | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>RI District | | DIVISION OFFICE | NAME OF JUDGE<br>Judge Finkel |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*WRFreeman* | | | |
| DATE<br><br>5/16/2019 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>William Freeman | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

MAY-21 '19 AM11:54

UNITED STATES BANKRUPTCY COURT OF THE DISTRICT OF RHODE ISLAND

In re William Freeman
:
                                                          : BK No. 18-11609DF

Ch 13

William Freeman
Plaintiff

v.

JP Morgan Chase Bank National Association
FDIC
Fidelity National Financial
Fannie Mae
Chase Home Finance, LLC
Orlans, Plc
Harmon Law,
Morgan Lewis Bockius
Brock and Scott
John Does
Affiliates of any other above companies listed

### DEBTTOR'S Adversarial Action Complaint against THE DEFENDANTs JP MORGAN CHASE BANK NATIONAL ASSOCIATION, The FDIC, and Fidelity National Financial (subrogator and claim payer), et al

1. William Freeman who is the alleged debtor in the above captioned case and who is a resident of 39 Side Road in Little Compton, Rhode Island. The debtor holds title; however, Title is imperfected caused by JP Morgan Chase Bank and Co, disallowing Mr. Freeman or any secured party to act on the title of the real estate located at 39 Side Road Little Compton, Rhode Island.

2. One Defendant is JP Morgan Chase Bank National Association. The Defendant has claimed that it is the owner of the properly located at 39 Side Road Little Compton, Rhode Island and 135 Randolph Avenue, Tiverton, by virtue of highly disputed documents. For example, an unrecorded foreclosure deed

3. submitted to the US Bankruptcy Court, showing August 6, 2018 as the date. This document infers that the alleged foreclosure was effective. The assignments are invalid for several reasons. They are signed (stamped, rather) by surrogate signers, not employees of JPMC Bank and Co. There are dependencies contained in the assignments, making them subject to third party validation, and therefore invalid. They were not filed until 6 years and 12 years, respectively, until **after** the JPMC alleged purchase of Freeman notes from the FDIC, which the FDIC denies. There was no consideration paid as claimed in the assignments.

a) The recordation of the foreclosure deed took place on January 2nd, 2019, during the automatic Stay period. These are incorrect and invalid documents and should be stricken immediately. The documents have many defects, including vague references to JP Morgan Chase Bank as holder, filed by a debt collector **who has no agency or Power of Attorney, immediately disqualifying Orlans Plc. They are disqualified for other reasons as well.**
(AUTHORIZATION TO DO BUSINESS -Rhode Island tax law does provide that certain tax withholding is required when the grantor on the deed is a foreign company (R.I.Gen. Laws § 44-30-71.3).

b) The Plaintiff brings this complaint pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure to determine the validity of JP Morgan Chase National Association' procedures and actions required by Law, as they claim an   interest in 39 Side Road, Little Compton, Rhode Island, but have not issued proper legal documents. We have requested validation of debt and a comprehensive audit of accounting, as forensic analysis show gross miscalculations and the use of non-standard accounting methods. The Qualified written requests took place before April 28, 2018, the date of the 'phantom' auction. The requests were sent again after April 29, in June of 2018, and again on December 2, 2018, during the bankruptcy Stay period.  A Lis Pendiums was filed by Mr. Freeman, as well as his power of attorney with the Town Clerk of Little Compton, RI, and with the RI Superior Court

c) Under (or as per) this Adversarial Complaint filed in RI US District Federal Bankruptcy Court, the following complaints and relevant legal questions need responses.  Without responses to the fraudulent

accounting, defective documents received by Freeman, and the Court that are hearsay, the Court cannot be able to fully understand with clarity, m the gravitas and the intentional extent that JPMC went to commit fraud for profit against William Freeman, Debtor and Plaintiff

### 3. **Summary of Adversarial Complaints**

By way of introduction, Mr Freeman has new evidence of, what only can be called 'bizarre,' accounting anomalies, which added hundreds of thousands of dollars to claimed balances by JPMC on his two owned properties.

Mr. Freeman successfully completed a HAMP modification, which was then withdrawn in 2009, no payments made by Freeman were applied, but held in suspense, while negative amortization accrued. Mr. Freeman was not told this, nor do statements reflect this fact. Only investigation and discovery revealed the accounting fraud

Additionally, the notes are ***subrogated to Fidelity National Financial.*** This fact is reflected in the false documents that have been submitted to the US Bankruptcy Court by the opposition. I have included a forensic report showing escrow, taxes and payments are wildly misapplied, and finally, Mr. Freeman's many filed Disputes of Debt and Requests for Information plus other requests for other violations of Federal UCC and Dodd- Frank Laws including TILA, RESPA and the Fair Debt Collection Practices Act and Fair Credit Reporting Act, amongst other violations by JPMC and Washington Mutual Bank, Fa and their parent companies,.

These requests have never been responded to by Chase Bank, or their alleged attorneys. The unfulfilled requests and the Unanswered Disputes of Debt, and demand letters for UCC based debt validation, sent by Freeman require adjucation, given the creditors failure as a Bank ( plus the subsequent Bankruptcy ), and as per the pains and penalties described in Dodd Frank, UCC Statutes and RI Criminal Law , for non-response.

a) There has been no proof offered by any legal entity questioned, including JPMC, Orlans Plc, Harmon Law, Morgan Lewis Bockius, Lender Live, The FDIC, Fannie Mae, the Washington Mutual Inc Liquidation Trust, or any signers of the (infamous) Purchase and Assumption Agreement (PAA) with no schedule of assets received or sold by the FDIC in its receivership of Washington Mutual Bank, Fa. No other Legal entities in the WASHINGTON MUTUAL BANK empire are mentioned, The Parent Company, Washington Mutual Inc, filed for Bankruptcy on September 29, 2008, it being mostly finalized by the US Bankruptcy Court, Delaware. The last modification appears to be in 2014, but current lawsuits against JPMC and the FDIC, will lead to further modifications of the PAA .( therefore bringing rise to prior claims submitted by Mr. Freeman, by virtue of the unfinished Agreement, now subject to recourse, recoupment and Federal charges of Violations of Dodd Frank, RI Foreclosure Laws, UCC Statutes 3, 6, 8, and 9)

b) Orlans, Harmon, and others, have NEVER Answered Mr Freeman's requests, going back to 2010. Currently, Chase cannot provide acceleration dates, or amounts claimed to be owed, because they do not have the valid records, ledgers, book entries, or proof of purchase of any property owned by Mr. Freeman

c) Please know that J.PMC is **completely indemnified** from any **loses** due to the FDIC receivership, as per the PAA of Washington Mutual Bank, Fa.

d) The subrogation of the notes to Fidelity National Financial is an insurance policy that Covers JPMC for and default in payment that might have occured000

e) These filings made by parties unable to legally commit to the affidavits and other non-proven claims and inferences made in the now, submitted documents. The documents submitted are defective and, we request that they be stricken (SEE list in appendix)

Most lately, Orlans Plc, Brock and Scott, Carrington Inc, the Christiana Trust and MERS have made false claims against Mr. Freeman. The documents submitted by Carrington and all affiliates are hereby denied in their entirety and Mr00. Freeman kindly asks the court to address the specific issues that are further detailed in the remainder of this document.000000William Freeman, certify that the disputes sent to alleged secured parties are strictly meant to dispute any claimed debt, and recent proof of "Holder in Due Course "status

f) Violation of UCC 9 - Failure to pay consideration from notes, voiding claims of ownership

g) Violation of UCC 3- Non-Negotiable Note**- Freeman's note is non -negotiable by UCC 3 definition, not subject to sale, and with a clouded, unperfected title.**

h) Accounting Fraud- See enclosed analysis proving Overcharges of over $200,000 discovered to date

i) Violation of Dodd Frank - P Morgan Chase Bank was not in possession of the Deed or Notes at the time of the pre- foreclosure, illegal Auction, which could change the status of the title and deed. (see Mgt 24 recording/transcript stating Chase did not have possession of the note, that William Freeman is the owner)

j) JPMC nor Chase Attorneys have provided proof of Agency, Power of Attorney, or affirmations of Truth and sworn, audited, executive sign-off Documents, a failure of the Federal Rules of Evidence,000 as required by Dodd Frank and RI State Law

k) Violation of RESPA 12 U.S.C. QWR, and § 12 CFR § 1024.36 – Requests for information and. Truth in Lending Act (TILA) Regulation Z (12 CFR Part 226)- We are requesting an instant action for imposition of fines, penalties and attorney's fees demanded. Total Cost to Chase will exceed $12,000 for these two violations only, but the court has authority to expand fines given Chase has three strikes or more

l) Violation of Stay in Bankruptcy, - Orlans Plc, who claim to represent Chase , but there are no POA's, agency agreements, and have committed Fraud Upon the Court for misrepresenting they had foreclosed on Side Road , LC, in April of 2018, but did not foreclosure until Jan2, 2018,  They submitted defective documents to the Court, the illegal foreclosure deed during the  " Stay period "in an effort to attempt to perfect title. Orlans recorded a foreclosure deed on Jan 2, 2019, which we protest and require validation of the alleged transaction, where they sold it to themselves.

m) Right of Redemption denial by Orlans Plc, as not being allowed to attend the auction, as required by Law. Mr Freeman was not allowed to bid on the off-site auction, nor was he properly notified. Title cannot be perfected because of defects in assignments, lack of consideration paid, lack of standing and many other reasons. This deception to the Court should be fully explored and all documents, the original note included, which will knock out Creditors' claims, we believe.

n) Violation of revealing subjugation of the mortgages and failure to record a security interest in until 2013, an assignment that is under protest

\*\*\* JPMC could have done a foreclosure at any time, after 2012 when Freeman first filed complaints, given he was told, in an unsigned letter from JPMC Executive Office, that accounting could not be figured out due to systems issues, and if I did not like the "New Loan "( which I had already rescinded ) , I should hire a lawyer because JP Morgan Chase Bank was done dealing with me
( opinion: Chase did not foreclose, given their lack of proof of standing, and because filing a complaint would have created **a judicial foreclosure situation**, to which they could not bear the scrutiny of.)

o) **JPMC is past the statute of limitations on debt collection**, and subrogation and payments made to WAMU or  Chase as per the default Insurance Freeman purchased for them in 2005 require JPMC and Co, books and records, as well as Fidelity National Financial, the FDIC and a reveal of all assignments between the mute-party chain of participants in a securitization trust

p) subpoena to JP Morgan Chase and Co, [1]Fidelity National Financial and the FDIC and to Fannie Mae, the Christiana Trust, Wells Fargo and Nations Bank is required to review all best evidence ,given Chase will **not** reveal any " behind the curtain transactions" , **no** books or records, ledgers, etc and will **not** provide employee validation ( signature not made by Chase employees are rampant in the documents provided by Chase because  legal documents were signed by non-chase employs, as the Evidence shows . The title is clouded, therefore not subject to creditors' claims

## 2) Damages demanded: Count I - Void deed for failure to record, requires a monetary penalty

a. RIGL 34-27-6 provides that foreclosure deed and pay the conveyance tax and the Little Compton preservation Tax is required to be made with 45-days of the foreclosure sale.
b. The foreclosure deed by which the Defendant claims the Freeman title in this instant case. has not been timely recorded, assignments are not legally valid based on what they say, and Orlans of Chase did no title search.
c. Conveyance tax has not been paid to the RI Division of Taxation when Chase claims they purchased Freeman notes from the FDIC, as receiver for unspecified assets and liabilities of Washington Mutual Bank, Fa

---

[1] Including Chase Home Finance JPMC asset Mgt, and

   a) <u>Damages demanded- Foreclosure-improper- Location of alleged auction sale and Improper Notice</u>

3) **RIGL § 34-27-4** sets forth the required notice to be sent to the Mortgagor before a foreclosure sale can take place. That statute provides in pertinent part as follows, given the Newport Daily news cannot produce a printed newspaper containing the alleged advertisement of auction. The tear sheet provided by Orlans, does not contain legally required information, such as the alleged creditor, amount owed, and precise description of property location.

- Whenever any real estate shall be sold under any power of sale mortgage, and the mortgage shall provide for the giving of notice of the sale by publication in some public newspaper at least once a week for three (3) successive weeks before the sale, the first publication of the notice shall be at least twenty-one (21) days before the day of sale,(b) Provided, however, that no notice shall be valid or effective unless the mortgagor has been mailed written notice of the time and place of sale by certified mail return receipt requested at the address of the real estate and, if different, at the mortgagor's address listed with the tax assessor's office of the city or town where the real estate is located or any other address mortgagor designates by written notice to mortgagee at his, her, or its last known address, at least twenty (20) days for mortgagors other than individual consumer mortgagors, and at least thirty (30) days for individual consumer mortgagors, days prior to the first publication, including the day of mailing in the computation.
  - **The mortgagee shall include in the foreclosure deed an affidavit of compliance with this provision. (not done)**

b) Prior to proceeding with the public auction on the Plaintiff's property a notice was published in the Newport Daily News and entitled "Mortgagee's Notice of Sale of Real Estate 39 Side Road, Little Compton, RI" indicated that the "premises described in the mortgage will be sold subject to all encumbrances and prior liens on April 27, 2018 at 9:00 am on the premises. . . ." This notice lacks legal

requirements: the creditor must be identified, the amount due is to be published and, the description of the property by plats, metes and bounds, were not included

c) The auction was not open to the public, Mr Freeman was not allowed to attend, for example. The public auction did not occur "on the premises" but rather occurred down the street from the 39 Side Road, the subject premises. Consequently, the Foreclosure notice served upon the Debtor and claimed to be advertised in the Newport Daily News, although the evidence has not been provided nor can the advertisements be found **(plus they lack legally required disclosures)** indicating that the public auction would occur on the premises was inaccurate and failed to comply with RIGL 34-27-4. (we cannot find the publications by searching on-line, sql queries, and by speaking directly to the paper itself. Therefore, we demand that Orlans to provide all the correspondence between them and the newspaper, show us the actual hardcopy newspaper with notices, they claim notices for all three dated, and a signed receipt from the Newport Daily News regarding the veracity, that Orlans PLC padre and placed the alleged notices in the paper.

d) Damages Demanded, Additionally, the Defendant Chase Bank failed to provide the Plaintiff written notice of the time and place of sale by certified mail return receipt requested as required by RIGL 34-27-4. Consequently, the foreclosure auction that occurred on April 27, 2018 and subsequent deed dated August 6, 2018 is void. The alleged foreclosure took place on January 2, 2019, when the rebuttable foreclosure deed was filed in Little Compton. There is no record showing any money changed hands, Chase having sold it to themselves, which is impossible to achieve if they already owned it.

e) The Defendant Chase Bank has failed to otherwise comply with the Notice requirements provided in the mortgage and consequently the foreclosure is subject to an adversarial complaint * see Martins v. Fed House Finance agency, 214 F Sup 3rd 163.

i) Further damages - The mortgage that the Plaintiff signed, and which is at issue in this case provides a paragraph 22 provides that "if the Lender invokes the Statutory Power of Sale, Lender shall mail a copy of a notice of sale to Borrower as provided in section 15 [of the security agreement].

ii) Section 15 of the security agreement provides that "All notice by the borrower or the lender in connection with this security agreement must be in writing. Any notice to Borrower in connection with this security agreement shall be deemed to have been given the Borrower when mailed by first class mail to the Borrower or when delivered to the borrower's notice address if sent by other means.

iii) The Defendant failed to send via first class mail or to deliver to the Plaintiff's address a notice of the Foreclosure sale as required by paragraph 22 and 15 of the Security agreements.

iv) The Defendant through its alleged agent, and there is still no POA, agency agreement, proof of representation when this foreclosure mill (Orlans Plc) agent attempted to deliver a notice of foreclosure sale by certified mail to the Plaintiff at 39 Side Road but failed to effectuate delivery on the Plaintiff. ( see USPS record, no return receipt purchased, Orlans choose electronic review of any delivery the abuse of electronic media ( Zillow, Realtor.com....., caused harm, disturbed the peace , invaded Freeman's privacy in an method showing the vindictive effort to have the auction advertisement be 'viral" in nature ., received back the envelope and whatever was int, therefore having knowledge of Mr Freeman's not being aware . The subsequent abuse of Mr. Freeman when the agent entered his house, involved the attendees swearing and defaming Mr. Freeman, plus other laws were broken, Privacy, trespassing[2] and violation of electronic distribution laws are contained in the POLICE report submitted by Mr. Free nab[3]

v) Since the Defendant failed to mail via first class mail a copy of the notice of foreclosure sale, or to effectuate a delivery of the notice of the foreclosure sale by other means upon the Plaintiff, the Notice of Foreclosure sale did not comply with paragraphs 15 and 22 of the mortgages agreements.

f) It is very possible an intentional deception was calculated to claim Freeman Equity without foundation[4]. Orlans represents many companies, many of which have had a hand in Freeman securitized notes, and some who may have claimed false ownership or servicing rights. New evidence makes it clear the notes were securitized. Please provide ledgers, transfers, and other document, wire transfers and agency agreements regarding the securitization. These documents would determine damages due the Estate and Mr Freeman

---

[2]

[3] nee Police report, both regarding the events of April 27, and RI state Police report submitted by Freeman, under formal investigation by the white-collar crime unit if the RISP)

[4] for Standing for Standing See Orlans Michigan Investigation

4) Orlans represents the following companies on a contractual, ongoing basis

Fidelity National Financial

Fannie Mae

MERS, FDIC
JP Morgan Chase Bank and Co.
Wells Fargo Trustee and Securitization Trusts Managed

i) The pre- acceleration notice sent to the debtor by the Defendant dated November 2, 2016 asserted that the Plaintiff owed the Defendant the sum of $116,867.94 in past due payments and demanded said sum to cure the default on the mortgage. This dollar amount has not been validated as per the many requests sent by Mr. Freeman, which is a violation of UCC Law and Dodd Frank Law. Mr Freeman sent request prior to, during the foreclosure period and after Chapter 13 was filed, with no response, Fines and damages are required thefore and we ask the court to determine any amounts due Mr Freeman

5) test and assignments are not signed by anyone with the authority to represent Chase. The fact pattern around signatures is disturbing. Mr. Freeman has 6 documents, not including Orlans sent documents, that are claimed to sign by Chase, but an investigation shows these people are not Chase employees

6) The Defendant failed to account for all payments made by the Plaintiff on the underlying note.

6) There are many more examples of failed accounting, including the detailed descriptions in Mr. Freeman's letters sent to Chase. (approx. 30 letters over 7 years) to provide notice of error and ask for correction and resolution. (see attached)

7) These Specific items that Freeman questioned have been forensically validated by MBA accountant Paul Rodrigues, who studied the transaction histories and did a forensic analysis of the various transaction histories. (Since Mr Rodrigues performed his analysis, additional and other wild errors have been identified   in addition, the analysis shows the application of payments is not done according the

'alleged 'note, and not recognizable as GAAP, or FASB methods of Accounting. The method used by WAMU and Chase precludes Mr Freeman from paying the note in a fixed period[5]

Mr. Freeman is seeking an immediate refund of these and all other moneys paid to WAMU or Chase as recoupment for Legal Violations of Law. A further audit is requested, given there will be additional monies fraudulently charged to Freeman discovered

8) there are the following accounting anomalies regarding the history of the loan:

| | | |
|---|---|---|
| Jan19, 2012 | - | $7510.80 Payment --- This payment was not made by Mr. Freeman |
| Jan 19, 2012 | - | $2384.55 Payment applied and retracted |
| Jan19, 2012 | - | $ 22,638.56     Added to Freeman balance |
| Jan 19, 2012 | - | $ 20,830.08 added as principal adjustment |
| Jan 18, 2012 | - | $121,500.00 added as adjustment |
| Jan 17,2012 | - | $ 3598.85 reversed from Freeman account |
| Feb,2012 | - | $ 2032.00 Payment credited, never made[6] |
| March,2012 | - | $ 2032.00 payment credited, never made[7] |
| Dec,2011 | - | $13,749.32 added to balance |

9) Total      =     **$186,317.81cooked the books to reflect this untruth**  Added to Freeman balance *

10) The Plaintiff has demanded from the Defendant a complete and accurate accounting of all payments, credits and charges on the loan that is secured by the mortgage at issue and has to date received several different versions of the accounting., none accurate, and none responded to as per UCC and Dodd Frank requirements

---

[5] . The note then is non-negotiable per UCC 3 and Mr. Freeman requests to invalidate the note and have it signed as satisfied and returned to him
[6] There is a very specific reason JPMC cooked the books to reflect this accounting fraud
[7] Freeman has specifically requested cancelled checks, wires or any proof that Freeman made these payments. It was in Chase Banks interest, as per stripping equity from Freeman, had an incentive to claim these payments

As a result, the Plaintiff has not been able to identify or cure any claimed default asserted by the Defendant. Additionally, the note is nonnegotiable per UCC 3, given it has no fixed payment, or fixed dollar amount and requires Mr. Freeman special tasks in getting principal applied correctly. The practice of accounting applied interest, escrow, the principal which violates Federal Law

11) The $$ dollar amount of the sale stated in the Orlans affidavit, is not the amount that taxes were paid in in Little Compton. The Little Compton Conservancy tax paid indicates a lower alleged sales price, if one can sell a property to themselves, no money was exchanged.

12) . JPMC Bank, Orlans Plc, Brocton Scott, Morgan Lewis Bockius, Washington Mutual, the FDIC and Fannie Mae and Fidelity Nation all papers with 'unclean hands" The current class action against Orlans in Michigan, is for violations of notice exactly as per Freeman alleged notice (See Garland Case). Chase has paid $30 Billion in fines for illegal foreclosures, was made to stop foreclosures for over a year for fabricating documents and other reasons, The FDIC has been sued and lost many times for not providing a list of assets allegedly sold to JPMC from the WAMU receivership. This is ONLY receivership in which the FDIC did not have an inventory. Orlans put into evidence a false Purchase and assumption Agreement and failed to discuss the Bankruptcy of Washington Mutual Parent Washington Mutual Inc, and Washington Mutual Securities Corp. The PAA and receivership were not settled **until 2013**, far different than what Orlans, Harmon and Brock and Scott have represented to the Court.

**Please note, JPMC& Co, Orlans Plc, Harmon Law, Brock and Scott, come to the court with 'Dirty Hands "**

We humbly request the QWR's, Debt validations, and information requests regarding subrogation be answered immediately, and pray that the 'ALLEGED ORIGINAL' notes, deeds and other documents will be remanded to the Court as per the Fed rules of best evidence. The documents sent to the court to date are not valid copies, they are redacted and invalid.

William Freeman, Creditor to JPMorgan Chase Bank and Co.

_s/s William Freeman_____

## CERTIFICATION OF SERVICE

I the undersigned certify that on this 15 day of May, 2019, I served a copy of the within objection on the following through the court's ECF/CM system: as a pro se litigant, submitted by Mr. Joseph Hook, on behalf of Mr. Freeman, not in capacity as MR. Freeman's attorney

US Trustee

Chapter 13 Trustee

Tatyana P. Dabchick, Esq.

Brock and Scott

Harmon Law

JPMC and Co

FDIC

Fidelity National Financial

Fannie Mae

Washington Mutual Inc, Securities Corp

All alleged JPMC attorneys

              WRFreeman s/s William Freeman, May 15, 2019